# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2026

Lyle W. Cayce
Clerk

————————

No. 25-60612
Summary Calendar

————————

Javier Antonio Amador-Ardon,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 400 930

———————————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Javier Antonio Amador-Ardon, a native and citizen of Honduras, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) denial of his motion to reopen his proceedings. Amador-Ardon sought, inter alia, to rescind his in absentia removal order pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii) on the

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

basis that he was in state custody at the time of his removal hearing. The BIA determined that Amador-Ardon did not show that his "failure to appear was through no fault of his own" under § 1229a(b)(5)(C)(ii), as Amador-Ardon failed to provide his address to the immigration authorities when he was released from apprehension and to the immigration court after the release, months before he was taken into state custody. Accordingly, he was not issued a notice of hearing, and he could not have attended the hearing anyway.

Although Amador-Ardon also sought rescission based on lack of proper notice, termination based on an alleged violation of a claim-processing rule, reopening to apply for cancellation of removal, reopening to apply for asylum and related relief, and sua sponte reopening, he does not brief, and has therefore abandoned, those issues. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Amador-Ardon argues that the BIA committed a legal error, construing the BIA's determination as establishing a rule that an alien's failure to fulfill his statutory obligation to provide an address constitutes "fault" for purposes of seeking rescission based on custodial status. Amador-Ardon misreads the BIA's decision. Read in context, the BIA made a factual determination that Amador-Ardon did not show that his failure to appear was through no fault of his own.

Alternatively, Amador-Ardon argues that the BIA factually erred by speculating that he could not have attended the hearing and that his custodial status had no effect on his ability to attend his hearing. He also suggests that immigration authorities were at fault for his failure to appear by keeping him detained in state custody. These arguments are unavailing, and he fails to show that the evidence compels a conclusion contrary to that of the BIA. *See Garcia v. Garland*, 28 F.4th 644, 646 (5th Cir. 2022).

2

No. 25-60612

Lastly, he argues that the BIA engaged in impermissible factfinding. However, the BIA's decision does not show "that the BIA developed a record, gathered new information, or chose between disputed facts." *Hammerschmidt v. Garland*, 54 F.4th 282, 290 (5th Cir. 2022).

Amador-Ardon has not demonstrated that the BIA abused its discretion by upholding the IJ's denial of his request to reopen and rescind his in absentia removal order. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017). The petition for review is DENIED.